IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AHMUAN WILLIAMS,<br><br>　　　　　　　　Plaintiff,<br>v.<br>STEVEN'S HENAGER COLLEGE, et al.,<br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-246 HCN<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) from Judge Howard Nielson. (ECF No. 13.) Before the court are three motions from Plaintiff Ahmuan Williams who is proceeding pro se. Mr. Williams first filed a Motion to Dismiss Defendant Steven's Henager College and Independence University. (ECF No. 11.) Then Mr. Williams sought to strike this motion. (ECF No. 15.) And most recently, Plaintiff filed a Motion to Stay this case pending arbitration under 9 U.S.C. § 3. (ECF No. 16.) The court addresses these motions as set forth below.

　　　　Before turning to Plaintiff's motions, the court notes that a review of the docket indicates this case is still in its relative infancy. Plaintiff filed an Amended Complaint that has not been answered by any of the Defendants, presumably due to Plaintiff's Motion to Dismiss these Defendants. Additionally, there is no proof of service filed by Plaintiff, but it does appear the parties are communicating concerning this lawsuit based on Plaintiff's filings. Given this backdrop, it is not surprising that the motions are unopposed.

　　　　The court therefore GRANTS Plaintiff's Motion to Strike its Motion to Dismiss. Plaintiff's Motion to Stay this matter pending arbitration is also GRANTED. Title 9 section 3 of the U.S. Code provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The court is persuaded that the requirements for arbitration are met here. This case therefore is **STAYED** and is <u>administratively closed</u> pending arbitration. Plaintiff may move the court to reopen his case once the arbitration is completed.

IT IS SO ORDERED.

DATED this 13 October 2020.

_____
Dustin B. Pead
United States Magistrate Judge